# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# (EASTERN DIVISION)

| | |
|---|---|
| AMANDA OVERSTREET,<br><br>   Plaintiff,<br><br>v.<br><br>AUTOZONERS, LLC, d/b/a AUTOZONE,<br><br>   Defendant. | Case No. 3:20-cv-0074<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, AutoZoners, LLC ("AutoZone" or "Defendant"), by and through undersigned counsel, submits this Answer and Affirmative Defenses to the Petition by Plaintiff, Amanda Overstreet, ("Plaintiff"). Defendant denies each and every allegation unless specifically admitted, qualified, or otherwise answered herein. Defendant states and alleges as follows:

## NATURE OF CASE

1. AutoZone admits the allegations contained in Paragraph 1 of the Petition upon information and belief.

2. AutoZone admits the allegations contained in Paragraph 2 of the Petition.

## JURISDICTION AND VENUE

3. AutoZone admits that Plaintiff was employed at a store in Davenport, Scott County, Iowa, from January until August of 2019. AutoZone denies the remaining allegations contained in Paragraph 3 of the Petition.

## ADMINISTRATIVE PROCEDURES

4. AutoZone admits that Plaintiff filed a timely charge with the Iowa Civil Rights Commission in November of 2019 and has been issued a Right to Sue letter. AutoZone denies the remaining allegations contained in Paragraph 4 of the Petition.

## **STATEMENT OF FACTS**

5. AutoZone admits the allegations contained in Paragraph 5 of the Petition.

6. AutoZone admits that Mr. Schram was a co-worker of Plaintiff and that Mr. Fisher was the Store Manager at the store in which Plaintiff worked. AutoZone denies the remaining allegations contained in Paragraph 6 of the Petition.

7. AutoZone denies the allegations contained in Paragraph 7 of the Petition.

8. AutoZone denies the allegations contained in Paragraph 8 of the Petition.

9. AutoZone denies the allegations contained in Paragraph 9 of the Petition.

10. AutoZone denies the allegations contained in Paragraph 10 of the Petition.

11. AutoZone denies the allegations contained in Paragraph 11 of the Petition.

12. AutoZone denies the allegations contained in Paragraph 12 of the Petition.

13. AutoZone denies the allegations contained in Paragraph 13 of the Petition.

14. AutoZone denies the allegations contained in Paragraph 14 of the Petition.

15. AutoZone denies the allegations contained in Paragraph 15 of the Petition.

16. AutoZone denies the allegations contained in Paragraph 16 of the Petition.

17. AutoZone denies the allegations contained in Paragraph 17 of the Petition.

18. AutoZone denies the allegations contained in Paragraph 18 of the Petition.

19. AutoZone denies the allegations contained in Paragraph 19 of the Petition.

20. AutoZone denies the allegations contained in Paragraph 20 of the Petition.

21. AutoZone denies the allegations contained in Paragraph 21 of the Petition.

22. AutoZone admits that there were times in which employees needed to unload deliveries from trucks and that such times occasionally occurred on Wednesday. AutoZone admits

that on approximately one occasion, employees were not required to wear traditional uniforms. AutoZone denies the remaining allegations contained in Paragraph 22 of the Petition.

23. AutoZone admits that on one occasion during her employment, Plaintiff reported for work in shorts. AutoZone denies the remaining allegations contained in Paragraph 23 of the Petition.

24. AutoZone denies the allegations contained in Paragraph 24 of the Petition.

25. AutoZone denies the allegations contained in Paragraph 25 of the Petition.

26. AutoZone admits that Plaintiff delivered parts to commercial accounts and avers that such deliveries were part of her job duties and were the primary duties when she was employed as a commercial driver. AutoZone denies the remaining allegations contained in Paragraph 26 of the Petition.

27. AutoZone denies the allegations contained in Paragraph 27 of the Petition.

28. AutoZone denies the allegations contained in Paragraph 28 of the Petition.

29. AutoZone admits that Plaintiff chose to walk out of a Loss Prevention interview in 2019 pertaining to her conduct in connection with multiple reports of suspicious refunds. AutoZone denies the remaining allegations contained in Paragraph 29 of the Petition.

30. AutoZone denies the allegations contained in Paragraph 30 of the Petition.

31. AutoZone denies the allegations contained in Paragraph 31 of the Petition.

32. AutoZone denies the allegations contained in Paragraph 32 of the Petition.

33. AutoZone denies the allegations contained in Paragraph 33 of the Petition.

34. AutoZone denies the allegations contained in Paragraph 34 of the Petition.

35. AutoZone denies the allegations contained in Paragraph 35 of the Petition.

36. AutoZone denies the allegations contained in Paragraph 36 of the Petition.

AutoZone is not called upon to admit or deny the request for relief contained in Plaintiff's Petition, but affirmatively states that Plaintiff's Petition is neither appropriate nor justified, and there are no facts or law warranting the granting of Plaintiff's request for relief. Moreover, punitive damages are not available under Iowa Code § 216.5. AutoZone further avers that at least some of the issues presented by Plaintiff are not triable by a jury and, thus, denies that Plaintiff is entitled to a jury trial as to all issued arising from Plaintiff's Petition.

### COUNT I – WRONGFUL DISCHARGE BASED ON REPORTING SEXUAL HARASSMENT IN VIOLATION OF THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET SEQ.*

To the extent applicable, AutoZone incorporates by reference its answers to Paragraphs 1 through 31 and its Affirmative Defenses as if fully restated herein.

32 [sic].   AutoZone denies the allegations contained in Paragraph 32 of the Petition.

33 [sic].   AutoZone denies the allegations contained in Paragraph 33 of the Petition.

34 [sic].   AutoZone denies the allegations contained in Paragraph 34 of the Petition.

Moreover, AutoZone is not called upon to admit or deny the request for relief contained in Plaintiff's Petition, but affirmatively states that Plaintiff's Petition is neither appropriate nor justified, and there are no facts or law warranting the granting of Plaintiff's request for relief. Moreover, punitive damages are not available under Iowa Code § 216.5. AutoZone further avers that at least some of the issues presented by Plaintiff are not triable by a jury and, thus, denies that Plaintiff is entitled to a jury trial as to all issued arising from Plaintiff's Petition.

### COUNT II – WRONGFUL DISCHARGE BASED ON *QUID PRO QUO* SEXUAL HARASSMENT IN VIOLATION OF IOWA CODE, CHAPTER 216.1, *ET SEQ.*

To the extent applicable, AutoZone incorporates by reference its answers to Paragraphs 1 through 34 and its Affirmative Defenses as if fully restated herein.

29 [sic].   AutoZone denies the allegations contained in Paragraph 29 of the Petition.

30 [sic].       AutoZone denies the allegations contained in Paragraph 35 of the Petition.

## COUNT III – SEXUAL HARASSMENT IN VIOLATION OF THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET SEQ.*

Moreover, AutoZone is not called upon to admit or deny the request for relief contained in Plaintiff's Petition, but affirmatively states that Plaintiff's Petition is neither appropriate nor justified, and there are no facts or law warranting the granting of Plaintiff's request for relief. Moreover, punitive damages are not available under Iowa Code § 216.5.  AutoZone further avers that at least some of the issues presented by Plaintiff are not triable by a jury and, thus, denies that Plaintiff is entitled to a jury trial as to all issued arising from Plaintiff's Petition.

## JURY DEMAND

AutoZone avers that at least some of the issues presented by Plaintiff are not triable by a jury and, thus, denies that Plaintiff is entitled to a jury trial as to all issues arising from Plaintiff's Petition.

## AFFIRMATIVE DEFENSES

AND NOW, in further answer to Plaintiff's Petition, AutoZone asserts the following affirmative defenses:

AutoZone incorporates Paragraphs 1 through 36 of its Answer as if set forth herein at length.

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff.  Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief.  In addition, AutoZone, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon Defendant, but, to the contrary, assert that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses

and/or the burden of proving the inverse of the allegations contained in many of the defenses are upon Plaintiff.  Moreover, Defendant does not admit, in asserting any defense, any responsibility or liability of Defendant, but, to the contrary, specifically denies any and all allegations of responsibility and liability in the Petition.

### FIRST AFFIRMATIVE DEFENSE

The Petition fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent AutoZone discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge or other employment action under company policy, practice, or procedure, Plaintiff's alleged damages will be limited in accordance with the after acquired evidence doctrine.

### THIRD AFFIRMATIVE DEFENSE

AutoZone is entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings Plaintiff could have earned had she made a reasonable effort to mitigate her damages as required by law.  AutoZone is also entitled to any other additional offsets permissible under all applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to reasonably mitigate her alleged damages as required by law, she is not entitled to an award of back pay or front pay.

### FIFTH AFFIRMATIVE DEFENSE

Any decisions concerning Plaintiff's employment were based on legitimate, nondiscriminatory, non-retaliatory reasons.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from maintaining this action against AutoZone because Plaintiff's injuries and/or damages, if any, were proximately caused, in whole or in part, by unforeseeable, independent, intervening, and/or superseding events and/or by the unforeseeable, independent, intervening, and/or superseding acts and/or omissions of persons and/or entities other than AutoZone.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive or exemplary damages under the Iowa Human Rights Act.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust administrative remedies on all claims asserted in her Petition.

**NINTH AFFIRMATIVE DEFENSE**

To the extent AutoZone employees were acting outside the course and scope of their employment, AutoZone is not liable for their actions.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or jurisdiction.

**ELEVENTH AFFIRMATIVE DEFENSE**

If and only if Plaintiff can establish that any alleged harasser was a "supervisor" under the law, then AutoZone exercised reasonable care to prevent and promptly correct any alleged harassment or discrimination, and Plaintiff unreasonably failed to take advantage of either preventive or corrective opportunities provided by AutoZone or to otherwise avoid harm. To the extent Plaintiff alleges she availed herself of any such reporting or complaint procedures, any such

report or complaint was promptly and adequately investigated, and appropriate remedial measures were taken, if necessary.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seek recovery for alleged injuries arising out of her employment (including but not limited to emotional distress damages), the exclusive remedy for such injury, if any, is the Iowa Workers' Compensation Law.  The Court lacks subject matter jurisdiction over any and all such claims.

AutoZone reserves the right to amend this Answer and Affirmative Defenses to assert any additional defenses, if and when, in the course of its investigation, discovery, or preparation for trial, such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

WHEREFORE, AutoZone prays that this Answer and Affirmative Defenses to Plaintiff's Petition be deemed good and sufficient, and that after due proceedings, there be judgment in favor of AutoZone and against Plaintiff, dismissing all claims asserted therein with prejudice and on the merits, and that costs be assessed and attorneys' fees awarded against Plaintiff, together with such further relief as the Court deems just and proper.

JONES WALKER LLP

By: */s/ Laurie M. Riley*
Laurie M. Riley (FL No.: 657751)
Petition for Admission Pro Hac Vice Will Be Filed
Jones Walker LLP
201 South Biscayne Boulevard, Suite 2600
Miami, FL 33131
Telephone: 305-679-5728
Facsimile: 305-679-5716
Email: lriley@joneswalker.com

and

By:     */s/ Tracy E. Kern*
Tracy E. Kern (LA Bar No.: 20246)
Petition for Admission Pro Hac Vice Will Be Filed
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8134
Facsimile: (504) 589-8134
Email: tkern@joneswalker.com
COUNSEL FOR DEFENDANT

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By:     */s/ Andrew C. Johnson*
Andrew C. Johnson
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8004
Phone: (515) 246-5893
Fax: (515) 246-5808
E-Mail: johnson.andrew@bradshawlaw.com
COUNSEL FOR DEFENDANT

Copy to:

John F. Doak
Katz Nowinski, P.C.
1000 36th Avenue
Moline, IL 61265
jdoak@katzlawfirm.com

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective mailing/email address as disclosed by the pleadings of record herein, on the 21st day of September, 2020, by:

☐ US MAIL     ☐ EMAIL
☐ EDMS     ☒ CM/ECF
☐ SHAREFILE     ☐ OTHER _____

/s/     Peggy Rosky

By:     */s/ Tracy E. Kern*
Tracy E. Kern (LA Bar No.: 20246)
Petition for Admission Pro Hac Vice Will Be Filed
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8134
Facsimile: (504) 589-8134
Email: tkern@joneswalker.com
COUNSEL FOR DEFENDANT

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By:     */s/ Andrew C. Johnson*
Andrew C. Johnson
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8004
Phone: (515) 246-5893
Fax: (515) 246-5808
E-Mail: johnson.andrew@bradshawlaw.com
COUNSEL FOR DEFENDANT

Copy to:

John F. Doak
Katz Nowinski, P.C.
1000 36th Avenue
Moline, IL 61265
jdoak@katzlawfirm.com

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective mailing/email address as disclosed by the pleadings of record herein, on the 21st day of September, 2020, by:

☐ US MAIL     ☐ EMAIL
☐ EDMS     ☒ CM/ECF
☐ SHAREFILE     ☐ OTHER _____

/s/     Peggy Rosky